***UNITED STATES DISTRICT COURT***
***DISTRICT OF RHODE ISLAND***

| | | |
|---|---|---|
| ALL POINTS CAPITAL CORP. | : | |
| | : | |
| -V- | : | Civil Action No. 2005-305-S |
| | : | |
| BEACON PRESS CORP., | : | |
| ANTHONY RITACCO, | : | |
| and MARY RITACCO | : | |

## *MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTIVE RELIEF*

The plaintiff, All Points Capital Corp. ("All Points"), hereby moves this Court for the issuance of a temporary restraining order and/or a preliminary injunction against the defendants, Beacon Press Corp. ("Beacon"), Anthony Ritacco ("Anthony") and Mary Ritacco ("Mary"), which order would (a) order Beacon and Anthony to safeguard, at their own joint and several expense, assets of All Points presently in their possession; (b) prevent Beacon and Anthony from continuing a pattern of liquidation of assets to the detriment of All Points; (c) permit the filing of a lis pendens or other lien against a house fraudulent conveyed to Mary; and (d) restrain Beacon and Anthony from encumbering, spending, liquidating, conveying, transferring or otherwise depleting any of their assets on terms and conditions ordered by the Court, until such time as their liability to All Points can be adjudicated and satisfied.

In support of this motion, All Points relies on the accompanying memorandum of law, and its Verified Complaint.

ALL POINTS CAPITAL CORP.
By its attorneys,

Robert D. Fine, Esq. (#2447)
Douglas J. Emanuel, Esq. (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411

Dated: October 18, 2005

***CERTIFICATE OF SERVICE***

I hereby certify that I forwarded a copy of the within motion by regular mail to Robert W. Smith, Esq., Armstrong Gibbons & Gnys, LLP, 155 South Main Street, Providence, RI 02903.

***UNITED STATES DISTRICT COURT***
***DISTRICT OF RHODE ISLAND***

| | | |
|---|---|---|
| ALL POINTS CAPITAL CORP. | : | |
| | : | |
| -V- | : | Civil Action No. 2005-305-S |
| | : | |
| BEACON PRESS CORP., | : | |
| ANTHONY RITACCO, | : | |
| and MARY RITACCO | : | |

***MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTIVE RELIEF***

The plaintiff, All Points Capital Corp. ("All Points"), has asked this Court to issue a temporary restraining order, and/or a preliminary injunction against the defendants, Beacon Press Corp. ("Beacon"), Anthony Ritacco ("Anthony") and Mary Ritacco, which order would (a) order Beacon and Anthony to safeguard, at their own joint and several expense, assets of All Points presently in their possession; (b) prevent Beacon and Anthony from continuing a pattern of liquidation of assets to the detriment of All Points; (c) permit the filing of a lis pendens or other lien against a house fraudulent conveyed to Mary; and (d) restrain Beacon and Anthony from encumbering, spending, liquidating, conveying, transferring or otherwise depleting any of their assets on terms and conditions ordered by the Court, until such time as their liability to All Points can be adjudicated and satisfied.

All Points submits this memorandum in support of its motion.

## I. FACTS

The facts of this case are rather straightforward.

All Points has succeeded to the interest of the lender in an Equipment Financing Agreement dated March 22, 2004, as amended (the "Agreement"), between Comquip Capital & Leasing, Inc., and Beacon. *Verified Complaint*, ¶ 6, 13. Under the Agreement, All Points is deemed

to have advanced to Beacon the costs of a piece of equipment (the "Machine") used in Beacon's business. *Verified Complaint,* Exhibit 1.

In return, Beacon is obligated to make monthly lease payments to All Points in repayment of the advance. *Verified Complaint,* ¶ 14 *and Exhibit 1.* Anthony guaranteed Beacon's performance under the Agreement. *Verified Complaint,* ¶ 7 *and Exhibit 2.*

Beacon has since gone into default under the Agreement, having failed to pay the amounts due to All Points. *Verified Complaint,* ¶ 15, 16. Subsequent to the default, Anthony transferred what is likely his most significant asset – his interest in his house – to Mary, without fair compensation therefor. *Verified Complaint,* ¶ 23-26 *and Exhibit 3.*

Further, in addition to the fraudulent transfer of his house, Ritacco had Beacon sell what is likely its largest asset – 132 Meadow Street – to a third party for approximately $440,000 (*see Warranty Deed attached hereto)*, and has transferred almost $300,000 of the net proceeds of that sale of 132 Meadow Street to others, including $100,000 to himself.[1]

Of course, notwithstanding Beacon's continuing obligations, all payments by it to All Points have ceased.

[1] One of the results of the numerous discussions that have occurred between the parties both before and after the filing of the Complaint was a letter dated September 13, 2005, from defendants' (non-litigation) counsel, advising that $214,987.93 was paid out as "business loan repayments," *see Exhibit 1,* which, as was later explained, included $100,000 to Anthony.

## III. ARGUMENT

When these facts are considered in light of well-settled law, the temporary restraining order and/or preliminary injunction requested by All Points is not only warranted, but necessary to preserve the status quo until such time as the claims of All Points may be determined by the Court, and satisfied by Beacon, Anthony and Mary.

### A. ***The standard for the issuance of a temporary equitable relief is well-defined.***

"To determine the appropriateness of granting or denying a preliminary injunction, we have instructed trial courts to use a quadripartite test, taking into account:

1. The likelihood of success on the merits;
2. The potential for irreparable injury;
3.. A balancing of the relevant equities (most importantly, the hardship to the nonmovant if the restrainer issues as contrasted with the hardship to the movant if interim relief is withheld); and
4. The effect on the public interest of a grant or denial of the restrainer.

*Micro Signal Research, Inc. v. Otus,* 417 F.3d 28, 31 (1st Cir. 2005); *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir.1996); *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991); *Quincy Cablesystems, Inc. v. Sully's Bar, Inc.,* 640 F.Supp. 1159, 1160 (D.Mass.,1986); *Woonsocket Prescription Ctr. v. Michaelson,* 417 F.2d 1250, 1256 (D.R.I. 1976) (applying similar standard to request for temporary restraining order)

### B. ***The request of All Points for temporary equitable relief should be granted.***

In light of the standards for issuance of temporary equitable relief, there can be no doubt as to its propriety and necessity in these circumstances.

**1. All Points can demonstrate a reasonable likelihood of success on the merits.**

It matters not by what standard this Court measures a likelihood of success in this case, because the facts demonstrate the highest of likelihood. *See, e.g. Fund for Community Progress v. United Way of Southeastern New England*, 695 A.2d 517, 521 (R.I. 1997) (likelihood of success is equivalent to a *prima facie* case).

There are only three claims raised in the Complaint, and All Points is likely to succeed on all of them:

Count I is against Beacon for breach of the Agreement. The Agreement was valid and existing, and Beacon failed to make the payments it required. *Verified Complaint*, ¶ 12-18.

Count II is against Anthony for breach of his guarantee. Anthony guaranteed Beacon's performance under the Agreement. Beacon has failed in its obligations, and Anthony has failed to make Beacon's payments for it. *Verified Complaint*, ¶ 20-21.

Count III is against Anthony and Mary Ritacco for a fraudulent conveyance. On November 11, 2004, Anthony conveyed his interest in his home to Mary, knowing that All Points was a creditor. This transfer, as reflected by the deed attached to the Complaint as Exhibit 3, was for *no consideration*. Thus, there is a likelihood that All Points will succeed on the merits of this claim as well.

**2. All Points will suffer irreparable, immediate injury.**

Clearly, Beacon and Anthony are on a pattern of liquidation. Anthony transferred his interest in his home for no consideration (*see Exhibit 3 to the Complaint*). Beacon sold its building for approximately $440,000 *(see Warranty Deed attached hereto)*, and transferred the assets to Beacon's unsecured creditors, *including Anthony himself. See Exhibit 1.*

If this concerted plan of liquidation continues, neither Beacon nor Anthony will have any assets from which All Points can satisfy its probable judgment.[2]

**3. All Points does not have an adequate remedy at law.**

Equitable relief, in the form of a preliminary injunction, is specifically reserved for those cases where the party seeking the injunction has no alternative remedy at law. In those cases, the absence of an available legal remedy renders an injunction (or other equitable relief) as the only method by which a party can be made (or kept) whole.

Here, if Beacon and Anthony liquidate their assets and disburse them to others, All Points will have no means by which it can obtain satisfaction of its probable judgment. At the present time, there can be no remedy at law to compensate for this conduct. No financial award can make up for the fact that whereas Beacon and Anthony could satisfy much of the judgment presently, the passage of time will result in a continuing pattern of liquidation, depriving All Points the opportunity to be made whole.

In other words, if Beacon and Anthony are permitted to liquidate and deplete their assets on the same course they have already undertaken, to the point where they have none, no additional remedy at law will be able to compensate All Points.

---

[2] In addition, the Machine remains at 132 Meadow Street, notwithstanding the fact that neither Beacon nor Anthony owns that real estate. As of July 31, 2005, Beacon was asked to remove the Machine by the new owner, but, as a result of All Points's insistence, Beacon and Anthony have arranged to pay rent to keep the Machine where it is (its removal would be rather onerous, and would minimize the resale value of the Machine), and keep it insured. All Points requests that these mechanisms for protecting the Machine be incorporated into any order of this Court issued as a result of this motion.

**4. The equities favor the issuance of a preliminary injunction.**

The final criterion for the Court to consider in determining whether All Points is entitled to equitable relief is the relative hardship to it if the injunction is denied as compared to the hardship thrust upon Beacon, Anthony and Mary if the injunction is granted.

"The granting of a preliminary injunction in the ordinary course should simply preserve the status quo." *Egan v. Williams*, 709 A.2d 1057 (R.I. 1998); *Fund for Community Progress*, 695 A.2d at 521 (a preliminary injunction "is to hold matters approximately in status quo") (citations omitted); *Coolbeth v. Berberian*, 313 A.2d 656, 659 (R.I. 1974) ("The purpose of a preliminary injunction is to maintain the status quo pending a final determination of the merits of the controversy in question.").

In this instance, the balance of the equities and the need to preserve the status quo require that Beacon and Anthony be restrained, in some fashion, in their spending and liquidation efforts until such time as this case can be resolved and the likely judgment satisfied.

As outlined above, in the absence of an injunction, potential debtors will be given an indication that when they face a judgment, they should simply liquidate their assets as quickly as they can so that their debtors cannot reach them. Such conduct cannot be encouraged. Parties to a contract must be held to them, so as to not deprive any other parties of the benefit of their bargain.

All Points recognizes that Beacon and Anthony need some measure of liquidity simply to exist, and All Points is not suggesting that Beacon and Anthony should be prevented from engaging in any commercial or personal transactions that involve expenses.

All Points does suggest, and respectfully requests, that this Court enter an order with reasonable conditions on Beacon's and Anthony's ability to whittle away their assets. At a

minimum, and in addition to other conditions as the Court may deem appropriate, All Points requests the following:

- an order directing Beacon and Anthony to continue to take every action necessary to protect, insure and store the Machine at 132 Meadow Street and to take every action necessary to preserve it in the condition in which it currently exists;
- the deposit in escrow by Beacon or Anthony of the net proceeds of the sale of 132 Meadow Street;
- the recording of a *lis pendens* or some other form of lien against the house that was the subject of the fraudulent conveyance;
- a freeze on Beacon's assets other than may be commercially necessary; and
- a freeze on Anthony's personal assets to an extent to be determined by the Court.

## IV. CONCLUSION

For the foregoing reasons, All Points requests that this Court grant its request for a temporary restraining order and/or preliminary injunction.

ALL POINTS CAPITAL CORP.
By its attorneys,

Robert D. Fine (2447)
Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411

Dated: October 18, 2005

### *CERTIFICATE OF SERVICE*

I hereby certify that on the 18th day of October, 2005, I forwarded a copy of this Memorandum by regular mail, postage prepaid, to Robert W. Smith, Esq., Armstrong Gibbons & Gnys, LLP, 155 South Main Street, Providence, RI 02903.