**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALL POINTS CAPITAL CORPORATION** *Plaintiff* | : | |
| **Vs.** | : | **C.A. No. 05-305S** |
| **BEACON PRESS CORPORATION, ANTHONY RITACCO and MARY RITACCO** *Defendants* | : | |

**MOTION FOR A PROTECTIVE ORDER**

Now comes Defendant, Anthony Ritacco, individually and as president of Beacon Press Corp. (hereinafter "Ritacco") and hereby moves for a protective order in connection with the notice by Plaintiff, All Points Capital Corp. (hereinafter "APCC"), to conduct his deposition on October 6, 2006.

In support of said motion, Defendant relies upon the attached memorandum of law and supporting exhibits.

Defendant,
ANTHONY RITACCO,
By his Attorney,

/s/ Raymond A. Marcaccio
Raymond A. Marcaccio, Esquire (#3569)
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax
ram@om-rilaw.com

Dated: October 5, 2006

**CERTIFICATION**

I, Raymond A. Marcaccio, hereby certify that I have in good faith conferred with opposing counsel in an effort to resolve the dispute without court action.

/s/ Raymond A. Marcaccio

**CERTIFICATION**

I hereby certify that the foregoing *MOTION FOR A PROTECTIVE ORDER* was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 5th day of October, 2006.

Douglas J. Emanuel, Esquire
demanuel@crfllp.com

/s/ Raymond A. Marcaccio

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALL POINTS CAPITAL CORPORATION** | : | |
| ***Plaintiff*** | : | |
| | : | |
| **Vs.** | : | **C.A. No. 05-305S** |
| | : | |
| **BEACON PRESS CORPORATION, ANTHONY RITACCO and MARY RITACCO** | : | |
| ***Defendants*** | : | |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR A PROTECTIVE ORDER**

INTRODUCTION

Now comes Defendant, Anthony Ritacco, individually and as president of Beacon Press Corp. (hereinafter "Ritacco") and hereby moves for a protective order in connection with the notice by Plaintiff, All Points Capital Corp. (hereinafter "APCC"), to conduct his deposition on October 6, 2006[1]. As set forth below, the taking of Ritacco's deposition would constitute an annoyance and oppression and would result in an undue burden and expense. Ritacco has completely satisfied his obligations to APCC by paying a total of $475,000 in accordance with modifications to a judgment entered by this Honorable Court on December 2, 2005. Since Ritacco has fully honored his obligations, APCC is not entitled to conduct his deposition. Any inquiries would be both irrelevant and could only serve the purpose of incurring unnecessary legal fees when this matter has now been fully concluded.

PROCEDURAL HISTORY AND LEGAL DISCUSSION

APCC filed its verified complaint on or about July 11, 2005. The complaint alleged a breach of an equipment financing agreement dated March 22, 2004, between APCC and Beacon

[1] Plaintiff's counsel has agreed to suspend the deposition notice pending the outcome of this motion for a protective order.

Press Corp. On December 2, 2005, the parties executed an amended consent judgment, which was signed and entered as an order by U.S. District Court Judge Mary M. Lisi. A copy of the amended consent judgment is attached hereto as Exhibit A. The consent judgment stated, in part, that judgment entered in favor of Plaintiff, APCC, against Defendants Beacon Press Corp. and Anthony Ritacco on Counts I and II of the complaint, in the amount of $608,203.85. Count III of the complaint, which was against Defendant Mary Ritacco, was dismissed. Defendants were required to tender a payment of $100,000 to APCC within 90 days of the entry of judgment, and submit proceeds from this sale of the equipment in question, which was a Raghbeer Fast 300 printing press ("printing press"), within 240 days of the date of the entry of the consent judgment. In addition, Defendants were required to pay $6,500 on December 15, 2005 and then monthly thereafter for six months upon the 15th day of each such month. Any remaining balance on the judgment was to be paid by Defendants on a monthly basis, amortized over a seven year payment period. The consent judgment did not contemplate the return of the Raghbeer Fast 300 printing press to APCC.

In February of 2006, the parties agreed to modify the terms of the consent judgment. Based upon these negotiations, on February 10, 2006, Ritacco submitted a letter to Ms. Catherine Wilinski, Vice President of APCC, which set forth his understanding of the amended terms of the agreement. A copy of said letter is attached hereto as Exhibit B. Defendants were now required to pay $475,000, minus all payments made to date under the previous agreement. Defendants were required to continue to pay the $6,500 monthly payment. The $475,000 payment would be made at the time that Ritacco refinanced his house. Of relevance to the motion at hand, Ritacco stated the following: "It is also my understanding that, based upon this revised agreement, All Points no longer has an interest in the Fast 300." Three days later, on

February 13, 2006, APCC submitted a written response to Ritacco's letter. A copy of said letter is attached hereto as Exhibit C. The letter was signed by Anthony Perekine, who is a managing director of APCC. Mr. Perekine stated that his company *agreed to the general terms set forth in Ritacco's letter*: "While the general terms identified in your letter reflect our understanding, there are some specific terms which do not reflect our understanding or need to be clarified." Mr. Perekine stated that "until such a time as All Points has received the stipulated amount in full [i.e., $475,000] it shall continue to maintain its interest in the Fast 300 and shall not waive any other rights or remedies it may have under contract or law." The February 13, 2006 letter written by Mr. Perekine was assented to and signed by Ritacco.

On September 13, 2006, corporate counsel for Beacon Press, Joel S. Chase, transmitted a check in the amount of $58,290.72 to Ms. Wilinski of APCC. The tendering of said check constituted a final and full payment to APCC, bringing the total payment to APCC to $475,000. In summary, the relevant payments were made as follows:

| | | |
|---|---|---|
| 2/10/06 | Check #3185 | $ 6,500.00 |
| 2/28/06 | Wire transfer | $349,209.28 |
| 3/10/06 | Check #3200 | $ 25,000.00 |
| 4/12/06 | Check #3214 | $ 10,000.00 |
| 5/10/06 | Check #3231 | $ 6,500.00 |
| 6/13/06 | Check #3238 | $ 6,500.00 |
| 7/13/06 | Check #3249 | $ 6,500.00 |
| 8/15/06 | Check #3266 | $ 6,500.00 |
| 9/13/06 | Check #3290 | $ 58,290.72 |
| | TOTAL | $475,000.00 |

A copy of said letter is attached hereto as Exhibit D. Despite full payment in accordance with the amended agreement of February 13, 2006, APCC now inexplicably seeks to conduct Ritacco's deposition to determine the location of the press machine.

This motion for a protective order is submitted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Rule 26(c) "generously permits 'for good cause shown' the making of 'any order, which justice requires' to protect against annoyance, embarrassment or undue burden occasioned by discovery." This Court "has 'broad discretion' to decide 'when a protective order is appropriate and what degree of protection is required…." *Id.* (citation omitted). This Court is authorized to issue the requested protective order upon Ritacco's showing of good cause for the protection from the requested deposition. *See generally*, Moore's Federal Practice § 26.104 (3d edition). *See also*, *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 789 (1st Cir. 1988), *cert. denied*, 488 U.S. 1030 (1989).

Now that Ritacco has paid APCC in full, pursuant to the revised settlement agreement, the litigation between the parties is concluded. With the satisfaction of the settlement agreement, Ritacco simply has no obligation, legal or otherwise, to preserve the press machine. Nor does APCC have any interest in, or right to, the disposition of the press machine. The decision rendered in *Public Citizen, et al. v. Liggett Group, Inc.*, 858 F.2d 775 (1st Cir. 1988) is instructive. That case arose out of tobacco litigation that was pending in the United States District Court for the District of Massachusetts. During the litigation, the district court entered a protective order providing "broad protection for documents produced by Liggett." 858 F.2d at 776. The protective order indicated that information produced and exchanged during the course of the litigation or any appeal arising therefrom, was to be used solely for the purposes of the lawsuit. *Id.* at 777. Within 45 days after the final adjudication or settlement of all claims in the case, counsel for the parties were to either return all documents produced or destroy such documents. *Id.* On October 6, 1987, the district court entered judgment in favor of the defendant. *Id.* at 778.

Shortly thereafter, a public interest group, Public Citizen, sought access to the documents produced by Liggett. *Id.* Public Citizen sought a modification of the non-disclosure order, which was opposed by the tobacco manufacturer. *Id.* at 779. The district court entertained Public Citizen's motion and ordered the release of those documents produced by Liggett during the lawsuit. *Id.* at 780. In so doing, the district court found that it still had jurisdiction necessary to modify the outstanding protective order and further held that there was a live controversy that extended past the dismissal of the lawsuit. *Id*. 781. The First Circuit reversed and held that with respect to the modification of the non-disclosure order, the district court "lacked the power to impose such new requirements on the parties." *Id.* The district court's final judgment was a "final dismissal on the merits, concluding the litigation between the [plaintiffs] and [defendant]. It left no substantive issue unresolved and it contained no provisions for equitable relief that would have required ongoing supervision by the district court." *Id.* at 781. The court reasoned that "the [district] court simply lacked power to impose any new, affirmative requirements on the parties relating to discovery." *Id*., citing *Cooper v. R.J. Reynolds Tobacco Co.*, 256 F.2d 464, 466-67 (1st Cir.)(once a district court dismisses a complaint and enters judgment, it lacks the power to grant a motion to amend the complaint)(citations omitted). Since the case had been dismissed and the appeal rights had lapsed, the parties were "under no obligation, legal or practical, even to preserve discovery materials they have obtained. In this case, for instance, both the plaintiffs and [defendant] were free to destroy all the [ ] documents in their possession long before Public Citizen filed its motion…" *Id*. at 781.

While the case history and facts of *Public Citizen* are dissimilar to this action, its reasoning is compelling and should be applied here: Ritacco has satisfied the terms of the stipulated agreement between the parties. Since APCC expressly waived any interest in the press

machine after completion of payments, it follows that there is no relevance or purpose to making further inquiry into the press machine's current whereabouts. There is no longer a controversy that exists between the parties. Ritacco has the right to destroy, maintain or otherwise dispose of the printing press. APCC has no right to conduct Ritacco's deposition to inquire into the disposition of the printing press.

CONCLUSION

For the reasons set forth above, Defendant prays that this Honorable Court grant his motion for a protective order and quash the Plaintiff's deposition notice.

Defendant,
ANTHONY RITACCO
By his Attorney,

/s/ Raymond A. Marcaccio

Raymond A. Marcaccio, Esquire (#3569)
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax
ram@om-rilaw.com

Dated: October 5, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER* was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 5th day of October, 2006.

Douglas J. Emanuel, Esquire
demanuel@crfllp.com

/s/ Raymond A. Marcaccio