JOEL S. CHASE
ATTORNEY AT LAW
585 JEFFERSON BOULEVARD
WARWICK, RHODE ISLAND 02886

TELEPHONE:
(401) 739-9900

FACSIMILE:
(401) 739-1932

September 13, 2006

SENT VIA FAX & FEDERAL EXPRESS

Ms. Catherine Wilinski
Vice President
All Points Capital Corp.
275 Broadhollow Road, 3rd Floor
Melville, NY 11747

Re: Beacon Press Corp./Ritacco

Dear Ms. Wilinski:

Enclosed please find check number 3290 in the amount of $58,290.72. This check, when combined with the other payments made since February, 2006, creates payment in full of the $475,000 ("stipulated amount" within Letter Agreement of February 13, 2006).

The previous referenced payments are as follows:

| | | |
|---|---|---|
| 2/10 | Check #3185 | $ 6,500.00 |
| 2/28 | Wire | $349,209.28 |
| 3/10 | Check #3200 | $ 25,000.00 |
| 4/12 | Check #3214 | $ 10,000.00 |
| 5/10 | Check #3231 | $ 6,500.00 |
| 6/13 | Check #3238 | $ 6,500.00 |
| 7/13 | Check #3249 | $ 6,500.00 |
| 8/15 | Check #3266 | $ 6,500.00 |
| | SUBTOTAL | $416,709.28 |
| 9/13 | Check #3290 | $ 58,290.72 |
| | TOTAL | $475,000.00 |

The above-referenced Letter Agreement dated February 13, 2006 served to modify the terms of the Amended Consent Judgment (in original amount of $608,203.85). The Letter Agreement specifically required the following:

1. $6,500 payment due in February, 2006
2. $100,000 due March 15, 2006
3. The additional scheduled monthly payments thereafter until $475,000 is paid in full.

Also expressly stated was for Mr. Ritacco to use his best efforts to expedite the refinancing of his home, while All Points would continue to maintain its interest in the Fast 300 until the $475,000 was paid in full.

Mr. Ritacco has complied with these express requirements and has also paid additional monies on an accelerated basis. Most notably, the enclosed payment serves to satisfy the required $475,000 in full on the seven-month anniversary of the February 13 Letter Agreement.

I have reviewed a copy of your correspondence to Mr. Ritacco, dated September 5, 2006 and September 11, 2006, within which you make inquiry of the location of the subject press and its availability for inspection. I submit that full payment of the "stipulated amount" under the terms of the February 13, 2006 Letter Agreement has rendered the location and condition of the Fast 300 moot.

Critical to Mr. Ritacco's position is the fact that the February 13 document expressly included the February payment, the $100,000 payment and the additional scheduled **monthly** payments from the Amended Consent Judgment (Paragraph 6), while the requirement to pay the Fast 300 proceeds, within 240 days or otherwise, is notably omitted. If the intent of the parties was simply to reduce the judgment amount to $475,000, while maintaining all other conditions and requirements, the February 13 document would have so stated. To the contrary, the February 13 document expressly stated what terms were to be included. Payment of Fast 300 proceeds by August 9, 2006 was not an included requirement.

Under the circumstances, I ask that you or your counsel contact me at your earliest convenience to discuss the documents that will evidence the discharge of your lien, satisfaction of the Consent Judgment and closure of the civil action.

Very truly yours,

Joel S. Chase, Esquire

JSC:lmk
Enclosure

c: Douglas J. Emanuel, Esq. (by fax)

WilinskiC8