***UNITED STATES DISTRICT COURT***
***DISTRICT OF RHODE ISLAND***

| | | |
|---|---|---|
| ALL POINTS CAPITAL CORP. | : | |
| | : | |
| -V- | : | Civil Action No. 2005-305-S |
| | : | |
| BEACON PRESS CORP., | : | |
| ANTHONY RITACCO, | : | |
| and MARY RITACCO | : | |

***OBJECTION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER***

The plaintiff, All Points Capital Corp. ("All Points"), hereby objects to the Motion for a Protective Order filed by the defendant, Anthony Ritacco, individually and in his capacity as President of defendant Beacon Press Corp.

In support of this objection, and in opposition to the motion, All Points relies on the accompanying memorandum of law.

ALL POINTS CAPITAL CORP.
By its attorneys,

/s/ Douglas J. Emanuel

Robert D. Fine, Esq. (#2447)
Douglas J. Emanuel, Esq. (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411

Dated: October 17, 2006

***CERTIFICATE OF SERVICE***

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 17, 2006. I hereby certify that on the same date, I forwarded a copy of the within document by regular mail to Robert W. Smith, Esq., Armstrong Gibbons & Gnys, LLP, 155 South Main Street, Providence, RI 02903.

/s/ Douglas J. Emanuel

***UNITED STATES DISTRICT COURT***
***DISTRICT OF RHODE ISLAND***

| | | |
|---|---|---|
| ALL POINTS CAPITAL CORP. | : | |
| | : | |
| -V- | : | Civil Action No. 2005-305-S |
| | : | |
| BEACON PRESS CORP., | : | |
| ANTHONY RITACCO, | : | |
| and MARY RITACCO | : | |

***PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER***

On December 2, 2005, this Court entered an Amended Consent Judgment, under which defendants Anthony Ritacco ("Ritacco") and/or Beacon Press Corp. ("Beacon") obligated themselves to pay several hundred thousand dollars[1] to the plaintiff, All Points Capital Corp. ("All Points"), in satisfaction of a breach of a financing agreement between All Points and Beacon, guaranteed by Ritacco. The financing agreement involved Beacon's acquisition of a substantial printing press (the "Printing Press") and All Points had, and continues to have, a perfected security interest in the Printing Press. All Points suspects that the Printing Press has been transferred, but neither Beacon nor Ritacco has provided the whereabouts of if, despite requests. Neither Beacon nor Ritacco notified All Points of the sale of the Printing Press in advance, in breach of the Amended Consent Judgment.

In February, 2006, at Ritacco's request, the parties agreed to a modification of the Amended Consent Judgment. As Ritacco proffered to the Court in his Motion for a Protective Order, Ritacco pledged to pay almost Four Hundred Seventy Five Thousand Dollars ($475,000) to All Points "at the time Ritacco financed his house." *Memorandum in Support of Motion for Protective Order ("Ritacco Memo"),* at 2.

[1] The amount that Ritacco and Beacon obligated themselves to pay was undefined, as it depended on the sale of the Printing Press.

As Ritacco further indicated to the Court, he did *not* make the $475,000 payment at the time he refinanced his house. *Ritacco Memo*, at 3 ($349,209.28 paid on February 28, 2006; $61,000 paid between March 10, 2006 and August 15, 2006; $58,290.72 on September 13, 2006, more than six months after the closing).

During the parties' discussions as to whether Ritacco had satisfied his obligations, All Points learned that (a) it and Ritacco disagreed on the terms of the modification; and (b) Ritacco had, at some time, apparently transferred the Printing Press in which All Points had and has a perfected security interest, and did not notify All Points, in breach of the Amended Consent Judgment. Thereafter, All Points noticed Ritacco's deposition, and Ritacco moved for a protective order.

***Argument***

Rule 69(a) is perfectly clear in authorizing the taking of discovery in aid of a judgment. FED. R. CIV. P. 69(a) ("In aid of the judgment … the judgment creditor … may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules…"). Given that the parties disagree on the terms of the Amended Consent Judgment as modified, and given that Ritacco has yet to acknowledge the current whereabouts of the Printing Press, *in which All Points still maintains a secured interest of record,* there is ample reason to believe that Ritacco's testimony is needed in aid of All Points's judgment. *See* FED. R. CIV. P. 69(a).

Ritacco's request for a protective order relies on one simple (but flawed) allegation: that Ritacco has satisfied his obligations. *See Ritacco Memo*, at 6 ("there is no longer a controversy that exists between the parties"). All Points disputes that, and as set forth above, even Ritacco's own memorandum suggests that he hasn't – Ritacco acknowledges that he did not make a payment out of the refinancing of his house that, when added to prior payments, totaled $475,000. *Compare Ritacco*

*Memo,* at 3 *with Ritacco Memo,* at 5. Full payment only came months later, and without interest.

Even Ritacco acknowledges that his citation to *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775 (1st Cir. 1988) is inapposite. *Ritacco Memo,* at 5 (reciting that the history and facts of *Public Citizen* are dissimilar to this action). All Points could not agree more. There is simply nothing in *Public Citizen* that suggests that its reasoning can be applied to a Notice of Deposition directed to a judgment debtor who has twice breached an Amended Consent Judgment into which he freely entered.

Ritacco's request makes as little sense practically as it does legally. Given that All Points contends that Ritacco has breached either (a) the Amended Consent Judgment; or (b) the Amended Consent Judgment as modified, All Points could, if required, institute a new action to allege these breaches, and depose him in that action. However, the tenets of Rule 69(a) are exactly designed to prevent the unwarranted clogging of the Court's docket with a second action, and prevents the waste or time, energy and effort that a second action was warranted.

Ritacco has breached the agreements he obligated himself to in this case. There should not be a need to open a new one. Thus, All Points respectfully requests that the Motion for Protective Order be denied, and that Mr. Ritacco's deposition proceed forthwith.

ALL POINTS CAPITAL CORP.
By its attorneys,

/s/ Douglas J. Emanuel

Robert D. Fine, Esq. (#2447)
Douglas J. Emanuel, Esq. (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411

Dated: October 17, 2006

***CERTIFICATE OF SERVICE***

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 17, 2006. I hereby certify that on the same date, I forwarded a copy of the within document by regular mail to Robert W. Smith, Esq., Armstrong Gibbons & Gnys, LLP, 155 South Main Street, Providence, RI 02903.

/s/ Douglas J. Emanuel