# PROMISSORY NOTE

U.S. $258,000.00

Germantown, WI

March 15, 2006

FOR VALUE RECEIVED, the undersigned, UBERT INVESTMENTS LLC (the "Promisor") and KENNETH UBERT (the "Guarantor"), both with a mailing address of W130N10437 Washington Street, P.O. Box 335, Germantown, Wisconsin 53022, promise to pay to the order of ANTHONY RITACCO, with a mailing address of 26 Alger Avenue, Warwick, RI 02818 (the "Payee"), the sum of TWO HUNDRED FIFTY EIGHT THOUSAND ($258,000.00) DOLLARS.

The Promisor shall tender to the Payee sixty (60) equal monthly payment of THREE THOUSAND EIGHT HUNDRED AND 00/100 ($3,800.00) DOLLARS, commencing on or before ~~March~~ April 15, 2006 and on or before the fifteenth (15th) day of each consecutive month thereafter for a total period of sixty (60) months or until paid in full.

Promisor shall pay to Payee, in addition to the monthly payments herein described, the sum of FIVE THOUSAND AND 00/100 ($5,000.00) DOLLARS, on or before June 1, 2006 and a balloon payment of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS, on or before February 15, 2011.

There shall be no pre-payment penalty should the Promisor pay the debt in full prior to February 15, 2011.

The sums due and payable under this Note are payable in the legal tender of the United States of America at 26 Alger Avenue, Warwick, RI 02818, or at such place or places as Payee, his successors or assigns, may designate to Promisor in writing from time to time.

Upon the occurrence of any one of the following events of default, this Note, at the option of the Payee, shall become immediately due and payable without presentment, demand, protest or notice of any kind, all of which are hereby expressly waived by Promisor and Guarantor and every other person, corporation, or entity now or hereafter liable, absolutely or contingently, for the payment of the whole or any part of this Note. The Payee's failure to exercise such option shall not constitute a waiver of the right to exercise the same at any other time:

1. Default in the payment of any installment of principal due under this Note for more than thirty-one (31) days after the date when the same shall become due and payable;
2. Default in the payment or performance of any of the covenants, agreements and conditions of, or the occurrence of an event of default under this Note (other than defaults in the payment of any installment of principal due under this Note and except where a specific time, cure or grace period is elsewhere specified), such default shall have continued for a period of thirty-one (31) days after written notice of such default shall have been furnished to Promisor and Guarantor at W130N10437 Washington Street, P.O. Box 335, Germantown, Wisconsin, 53022.
3. The cancellation, lapse or termination of any insurance policy required to be maintained by Promisor to protect the security for this Note;
4. (a) The dissolution, termination of existence, or the appointment of a custodian, trustee or permanent receiver for or for any of the property of, or an assignment for the benefit of creditors by, of the filing of a petition under any bankruptcy, receivership, insolvency or debtor relief law by, or a petition for any readjustment of indebtedness, reorganization, composition or extension by, or the making or entering into of a trust mortgage or deed or other instrument of similar import for the benefit of creditors by Promisor and/or Guarantor or any other person, contingently, for the payment of the whole or any part of this Note; or
   (b) The pendency of any such petition against Promisor or any other person, corporation, or entity now or hereafter liable, absolutely or contingently, for the payment of the whole or any part of this Note, such petition remaining undismissed for a period of thirty (30) days; or

(c) The attachment of the goods or credits of the Promisor or any other person, corporation, or entity now or hereafter liable, absolutely or contingently, for the payment of the whole or any part of this Note or the institution of any foreclosure (by judicial proceedings or otherwise) against Promisor under any mortgage or security interest given by Promisor, said attachment remaining undismissed for a period of thirty (30) days, or said foreclosure proceeding remaining undismissed or not terminated for a period of eight (8) days; or

(d) If Promisor and/or Guarantor or any other person, corporation, or entity now or hereafter liable, absolutely or contingently, for the payment of the whole or any part of this Note, becomes insolvent and unable to pay its or his debts as they mature or is adjudicated bankrupt.

5. Any material adverse change in the financial condition of, or act or omission of Promisor and/or Guarantor or any other person, corporation, or entity now or hereafter liable, including any majority shareholder of the Promisor, absolutely or contingently, for the payment of the whole or any part of this Note, or any act or omission of an officer, director, partner, or trustee thereof which leads Payee reasonably to believe that performance of any covenants, agreements, or conditions of this Note or Mortgage by Promisor is or may be seriously impaired;

No renewal or extension granted, or any indulgence shown to, or any release of, or any dealings between a Payee or holder hereof and any other person, corporation or entity now or hereafter interested herein or in the mortgage property securing this Note, whether as owner, encumbrancer, grantor, or otherwise, shall discharge, extend or in any way affect the obligation of Promisor hereunder, of any other person, corporation, or entity now or hereafter liable, absolutely or contingently, for the payment of the whole or any part of this Note.

Promisor and Guarantor, jointly and severally, shall remain primarily liable on this Note until full payment, unaffected by any alienation of any part of the mortgaged property, to any agreement or transaction between Payee and any alienee as to payment of principal, interest or other monies, by any forbearance or extension of time, guaranty or assumption by other, or by any other matter, as to all of which notice is hereby waived by both Promisor and Guarantor.

Promisor and/or Guarantor agree to pay any and all costs, including reasonable attorney's fees, incurred by the Payee in the collection of this Note.

Promisor and Guarantor are jointly and severally liable for all payments and costs relating to this Note.

This Note may not be modified or terminated orally.

This Note shall be enforced and construed in accordance with the substantive law of the State of Rhode Island without resort to that state's conflict of laws rules.

IN WITNESS WHEREOF, this agreement has been executed as of the date first written above.

UBERT INVESTMENTS LLC

BY: [signature]
KENNETH UBERT, Duly Authorized

[signature]
KENNETH UBERT, Individually

STATE OF WISCONSIN
COUNTY OF Milwaukee

In Germantown Wi on the 14th day of March, 2006, before me personally appeared Kenneth Ubert to me known and known by me to be the party executing the foregoing instrument, and he acknowledged said instrument, by him executed, both individually and in his capacity with UBERT INVESTMENTS LLC, to be his free act and deed and the free act and deed of UBERT INVESTMENTS LLC.

[signature: Peter J. Salza]
PETER J. SALZA, Notary Public
My Commission ~~Expires~~: is Permanent