***UNITED STATES DISTRICT COURT***
***DISTRICT OF RHODE ISLAND***

| | | |
|---|---|---|
| ALL POINTS CAPITAL CORP. | : | |
| | : | |
| -V- | : | Civil Action No. 05-305-ML |
| | : | |
| BEACON PRESS CORP.,<br>ANTHONY RITACCO,<br>and MARY RITACCO | :<br>:<br>: | |

***AFFIDAVIT OF ANTHONY PERETTINE***

I, Anthony Perettine, being duly sworn, hereby depose and state as follows:

1. I am the Managing Director of All Points Capital Corp., and am authorized by All Points Capital Corp. ("All Points") to make this affidavit.

2. I make this affidavit in good faith and on the basis of my knowledge of the facts set forth herein.

3. I authored the February 13, 2006, letter that has been referred to in this case.

4. I understand that Mr. Ritacco takes the position that the language in the February 13 letter suggests that All Points allowed him to extend, unilaterally, his own deadline for the payment of the $475,000, which he pledged to pay to All Points when he completed the refinancing of his house.

5. All Points vehemently disputes this interpretation, and as the author of the February 13 letter, I can say without equivocation that the letter does not, and did not intend to, extend any opportunity to Mr. Ritacco beyond the time at which his refinancing was complete.

6. The reference to "additional scheduled monthly payments" in the second paragraph of the February 13 letter was included because All Points had no information as to whether (or even if) Mr. Ritacco was going to be able to refinance, and All Points needed Mr. Ritacco to know that it would not waive Mr. Ritacco's obligation to make payments required by the Amended Consent Judgment until the refinancing actually occurred.

7. At no time did All Points consider that the $475,000 Mr. Ritacco promised to pay would be paid out to All Points over time; rather, all references to the timing for payment indicated that it would be paid, as Mr. Ritacco wrote, "when the refinancing is completed."

8. All Points indeed approved a sale of the press for the price of $250,000, but there was no indication from any of the defendants that that amount would be paid out over time.

9. In fact, knowledge that it would take Mr. Ritacco five years to reap the proceeds of a sale of the press at that price would likely have led to a different response from All Points.

10. Most important, Ritacco did not seek All Points's approval of the sale of the printing press on the actual terms of the sale, which terms would have factored into All Points's willingness to take a lump sum substantial discount over what Ritacco consented to pay to All Points under the Amended Consent Judgment.

ANTHONY PERETTINE

STATE OF NEW YORK
NASSAU COUNTY

Subscribed and sworn to before me this 5 day of January, 2007.

NOTARY PUBLIC
My Commission Expires:

MICHELE A. MARTINO
Notary Public, State of New York
No. 01MA5077149
Qualified in Nassau County
Commission Expires May 5, 20 07